In the Matter of the Estate of JOSEPH M. KLEIN, Deceased. DAVID KLEIN et al., Appellants; EDGAR A. P. KELLERMAN, as Administrator, et al., Respondents.—In a proceeding to judicially settle an account, the appeal is from an order of the Surrogate's Court, Nassau County, dated January 22, 1975, which denied appellants' motion for leave to intervene in the proceeding for the purpose of establishing their claim to a legacy. Order reversed, without costs, and motion granted. Appellants purport to be the assignees of a two-thirds interest in a certain legacy contained in the will of Joseph M. Klein by reason of an oral assignment from their brother, William Klein. They allege that William Klein's interest in that legacy devolved by reason of an assignment from the legatee, his sister Sadie Kellerman, by a document signed and acknowledged October 28, 1970. Alternatively, they claim to be direct assignees of the interest in the said legacy by virtue of an instrument executed on December 23, 1970 by Sadie Kellerman. By a

previous order, dated May 10, 1974, the Surrogate, in effect, dismissed so much of William Klein's claim against the estate as was based on the purported assignment of October 28, 1970. That dismissal, pursuant to CPLR 3126, was prompted by William Klein's refusal to participate in proceedings to determine the validity of the said assignment. No finding was made as to the underlying validity of the assignment itself. On October 21, 1974 the representatives of the estate of Sadie Kellerman moved for a clarification of the order of May 10, 1974, and sought (1) a declaration that the purported assignment was invalid and (2) a direction to the executors of the estate of Joseph M. Klein to pay to them the legacy in question. That motion was opposed by the executors of Joseph M. Klein, who contended that no finding as to the validity of the assignment had been made, and who urged that distribution of the legacy should await a final determination of the validity of the assignment. Appellants sought leave to intervene in opposition to the clarification motion; their application was denied, in a decision dated November 12, 1974, on the ground that their interest, if any, was derivative, and that they therefore had no interest, by reason of the prior dismissal of William Klein's claim. By that decision, the Surrogate also denied the motion for clarification, holding that the order of May 10, 1974 clearly provided that William R. Klein had no interest in the estate insofar as the purported assignment was concerned, and thus, that there was no need to amend that prior order. No order was entered upon the Surrogate's decision. In this motion, appellants assert that their assignments derived directly from Sadie Kellerman by reason of the instrument executed by her on December 23, 1970. Their application for leave to intervene has been denied on the ground that Sadie Kellerman could not have assigned her interest in the legacy by means of the December 23, 1970 instrument since she had already assigned her interest to William Klein on October 28, 1970. We note, at the outset, that the Surrogate's decision of November 12, 1974, which denied the motion for clarification, in effect amounted to a clarification of the order of May 10, 1974 since it effectively apprised appellants that their claim to an interest in the legacy was foreclosed. As no order was entered on the decision, any possibility of appellate review was foreclosed. While it is true that an appeal from the order of May 10, 1974 might have been taken, it appears that none of the interested parties understood that that order settled the question of who was entitled to the subject legacy. It would be unfair to foreclose appellants' rights in the legacy by, in effect, clarifying the earlier order without giving them the opportunity of appellate review. Since no order was made on the motion for clarification, that motion should be deemed open. It appears that such a position was taken by the Surrogate, since appellants were permitted to move for reconsideration of the denial of their prior application for leave to intervene. Accordingly, appellants should be permitted to intervene for the purpose of establishing their claim, if any, to the subject legacy. There has as yet been no finding as to the validity of the purported assignment by Sadie Kellerman to William Klein by the document executed October 28, 1970. Appellants' alleged interest in the legacy is derivative only in the sense that if the initial assignment from Sadie Kellerman to William Klein was invalid, they could have no interest. Since there has been no finding as to the validity of that assignment, and absent a showing that appellants and William Klein are united in interest, appellants' rights are not foreclosed merely because William Klein was penalized pursuant to CPLR 3126. In any event, absent a finding as to the validity of the October 28 assignment, there can be no determination as to what rights, if any, are possessed by appel-

lants by virtue of the instrument executed by Sadie Kellerman on December 23, 1970. Accordingly, appellants should be permitted to intervene in the proceedings and the Surrogate should, after a hearing, determine the validity of the October 28, 1970 assignment. If found to be valid, the Surrogate should make a determination as to the relationship between appellants and William Klein. If they are united in interest, appellants' interest in the legacy would be foreclosed. If they are not united in interest, appellants' claim against the estate of Joseph M. Klein should stand, provided that they can further establish the validity of William Klein's alleged subsequent oral assignment to them. If the October 28, 1970 assignment is found to be invalid, there must be an inquiry into the nature and validity of the alleged December 23, 1970 assignment. In any event, the Surrogate should enter an appropriate order or decree with respect to the rights, if any, of appellants to the subject legacy. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.